**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Charles Grillo, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 1770 |
| | ) | |
| National Asset Recovery Services, Inc., | ) | |
| a Missouri corporation, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Charles Grillo, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3.      Plaintiff, Charles Grillo ("Grillo"), is a citizen of the State of Ohio, from whom Defendant attempted to collect a delinquent consumer debt owed for a Chase Bank credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, National Asset Recovery Services, Inc. ("NARS"), is a Missouri corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant NARS operates a nationwide debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant NARS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant NARS is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, NARS conducts business in Illinois.

6. Moreover, Defendant NARS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NARS acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Mr. Grillo is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Chase Bank credit card. When NARS began trying to collect this debt from Mr. Grillo, by sending him a collection letter dated, November 9, 2010, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant NARS's collection actions. A copy of Defendant's letter is attached as Exhibit C.

8. Accordingly, on December 29, 2010, one of Mr. Grillo's attorneys at LASPD informed NARS, in writing, that Mr. Grillo was represented by counsel, and

directed NARS to cease contacting him, and to cease all further collection activities because Mr. Grillo was forced, by his financial circumstances, to refuse to pay his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

9.      Nonetheless, Defendant NARS sent a collection letter, dated January 26, 2011, directly to Mr. Grillo, which demanded payment of the Chase Bank debt.  A copy of this letter is attached as Exhibit E.

10.      Accordingly, on February 26, 2011, one of Mr. Grillo's LASPD attorneys had to write to Defendant NARS again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit F.

11.      Defendant NARS's collection actions complained of herein occurred within one year of the date of this Complaint.

12.      Defendant NARS's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13.      Plaintiff adopts and realleges ¶¶ 1-12.

14.      Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.      Here, the letter from Mr. Grillo's, agent, LASPD, told Defendant NARS to cease communications and cease collections (Exhibit D).  By continuing to

communicate regarding this debt and demanding payment (Exhibit E), Defendant NARS violated § 1692c(c) of the FDCPA.

16.     Defendant NARS's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant NARS knew that Mr. Grillo was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit D), that he was represented by counsel, and had directed Defendant NARS to cease directly communicating with him.  By directly sending Mr. Grillo a collection letter (Exhibit E), despite being advised that he was represented by counsel, Defendant NARS violated § 1692c(a)(2) of the FDCPA.

20.     Defendant NARS's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Charles Grillo prays that this Court:

1.     Find that Defendant NARS's debt collection actions violated the FDCPA;

4

2.      Enter judgment in favor of Plaintiff Grillo, and against Defendant NARS,

for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a)

of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Charles Grillo, demands trial by jury.

Charles Grillo,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  March 14, 2011

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com